IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3088 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| KEVIN WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on a report and recommendation by Magistrate Judge Piester (filing 36), recommending that Defendant's motion to suppress (filing 27) be granted in part and denied in part. Judge Piester's findings and conclusions were announced at the end of an evidentiary hearing that he conducted on January 6, 2006. See Transcript (filing 37) at 65-68. Essentially, Judge Piester concluded that an incriminating statement (admitting ownership of marijuana) Defendant made after being arrested on March 30, 2005, but before being advised of his Miranda rights, should be suppressed, but that a similar statement, made 24 hours later while being interrogated at the jail, after receiving Miranda warnings and waiving his rights, should not be suppressed.

    Pursuant to NECrimR 57.3 and 28 U.S.C. § 636(b)(1), Defendant has filed a statement of objections to the report and recommendation (filing 38). Defendant argues that the second statement should be suppressed under authority of Missouri v. Siebert, 542 U.S. 600 (2004) (Miranda warnings given mid-interrogation, after defendant gave unwarned confession, were ineffective).

    I have conducted a de novo review of the record. I find that inasmuch as the Magistrate Judge has fully, carefully, and correctly found the facts and applied the law, Defendant's objections should be denied and the report and recommendation should be adopted.

This case is much closer to Oregon v. Elstad, 470 U.S. 298 (1985) (where initial inculpatory statement made while defendant was in police custody in his home was voluntary, failure to give Miranda warnings did not bar admissibility of station house confession made shortly thereafter and preceded by waiver of Miranda rights, notwithstanding failure to advise defendant that prior statement could not be used against him), than it is to Siebert. See also United States v. Hernandez-Hernandez, 384 F.3d 562, 567 (8th Cir. 2004) (lapse in time, change in location, and change in the interrogating personnel that intervened between the unwarned questioning and defendant's postwarning statement made postwarning statement admissible).

IT IS ORDERED that:

1. Magistrate Judge Piester's report and recommendation (filing 36) is adopted;

2. Defendant's objections to the report and recommendation (filing 38) are denied; and

3. Defendant's motion to suppress (filing 27) is granted in part and denied in part, as follows:

    a. The motion is granted with respect to any statements that were made by Defendant from the moment he was taken into custody on March 30, 2005, until the moment, after having been read his Miranda rights, he agreed to speak with Officer Yardley on March 31, 2005.

    b. In all other respects, the motion is denied.

February 7, 2006.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge