IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | Case No. 4:05CR3088 |
| Plaintiff,  ) | |
| ) | |
| vs  ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| KEVIN WALKER,  ) | |
| ) | |
| Defendant.  ) | |

    This case involves charges related to the defendant's purchase and possession of two .40 caliber pistols while being an unlawful user of marijuana. The presentence report indicates that when the search warrant was served at the defendant's residence three guns were found; that is, a "third firearm, a .38 caliber Derringer, was found laying next to the .40 caliber handguns named in the search warrant." (PSR ¶ 21.) Notwithstanding those facts, the defendant and the government entered into a plea agreement in which they stipulated "that the enhancements in U.S.S.G. § 2K2.1(b)(1) . . . do not apply to the facts of this case and shall not be used in calculating the defendant's sentence." (Filing 73 at 2.)

    On November 7, 2006, I accepted the plea, but deferred acceptance of the plea agreement until sentencing. (Filing 78.) At sentencing, on December 22, 2006, I advised that parties that I would not accept the plea agreement if it was construed to be a Rule 11(c)(1)(C) plea agreement binding me to sentence the defendant as if he had possessed only two guns instead of three. On the other hand, I advised the parties that since the agreement contained no explicit reference to Rule 11(c)(1)(C) I would accept the plea agreement if both sides agreed that it did not bind me to sentence as if there were only two guns. The government agreed that the plea agreement was not properly construed as a Rule 11(c)(1)(C) agreement. Defense counsel, on the other hand, thought the agreement was made under Rule 11(c)(1)(C) and he moved for a continuance to discuss this matter further with his client.

As noted below, I will grant the continuance. However, I wish to make several things clear.

First, the government's explanation of why it gave up on the third gun for sentencing purposes is not persuasive.[1] It appears that the government has fact bargained in a way the threatens to undermine the advisory Guidelines. Second, I have discretion to accept or reject a plea agreement. See, e.g., United States v. Nicholson, 231 F.3d 445, 451 (8th Cir. 2000). In this regard, I believe I should use this discretion when a plea agreement threatens to undermine the advisory Guidelines without a good reason. See, e.g., United States v. Coney, 390 F. Supp.2d 844, 849 (D. Neb. 2005) ("The Advisory Guidelines Impose a Duty Upon the Judge to Assure that a Rule 11(c)(1)(C) Plea Agreement Requiring a Sentence or Sentencing Range Outside the Guidelines Is Premised Upon a 'Justifiable Reason.'") Third, at sentencing, I have the power to require the government to present proof of facts relevant to sentencing where I have not accepted a Rule 11(c)(1)(C) plea agreement that forecloses such a factual inquiry. See, e.g., United States v. Cirrillo-Davilla, 124 F. Supp.2d 1140, 1150-51 (D. Neb.), aff'd United States v. Franco-Martinez, 271 F.3d 764 (8th Cir. 2001). Fourth, because of the ambiguous nature of the plea agreement, and if the defendant desires to do so, I will give him leave to withdraw from the plea agreement. Fifth, because of the ambiguous nature of the plea agreement, and if the defendant desires to do so, I will give him leave to withdraw his guilty plea.

IT IS ORDERED that:

1. This matter is continued until further order of the court.

---

[1] Despite the fact that the gun was apparently found in the defendant's home laying next to two guns that were admittedly purchased by the defendant, counsel said he could not prove possession.

2. No later than the close of business on January 22, 2007, counsel for the defendant shall file a statement in the court file affirmatively answering *each* of the following three questions:

> Does the defendant consent to a construction of the plea agreement that permits Judge Kopf to apply U.S.S.G. § 2K2.1(b)(1) (providing for an enhancement for 3 or more guns) if the facts justify such an application?
>
> Does the defendant wish to withdraw from the plea agreement?
>
> Does the defendant wish to withdraw his guilty plea?

3. Upon receipt of the statement required by paragraph 2 above, my legal assistant shall call this case to my attention so that I may enter a responsive order.

December 22, 2006.               BY THE COURT:

                                 *s/Richard G. Kopf*
                                 United States District Judge